| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA; SAN JOAQUIN COUNTY,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID JOHNSON, as an individual and dba DELTA TRANSPORT INC., et al.,<br><br>Defendants. | No. 2:18-cv-01056-KJM-CKD<br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

From September 2011 to March 2018, several defendants connected with a marina in San Joaquin County, California engaged in numerous acts allegedly in violation of state law and county ordinances. The County of San Joaquin (County) sued in state court, contending defendants' acts were a nuisance. In 2016, defendants removed the cases to federal court, contending this court had federal admiralty jurisdiction because the marina was located on "navigable federal waters." The County disagreed with defendants and moved to remand. This court agreed with the County and remanded the case to San Joaquin County Superior Court. *See County of San Joaquin v. Johnson, et al.*, No. 2:16-cv-00816-KJM-EFB, 2016 WL 5944088, at *1, 4 (E.D. Cal. Oct. 13, 2016). After remand, the County amended its complaint in a

/////

1

consolidated case with the People of the State of California, adding Defendant Chris Willson and alleging facts about his involvement at the marina.

Proceeding *pro se*, Willson has removed the case to federal court for nearly identical reasons as those stated in the 2016 removal attempt. *See generally* Notice of Removal (Notice), ECF No. 1. The County moves to remand the case again to state court. ECF No. 6. Willson has also moved the court to approve an alleged settlement agreement between the parties, ECF No. 3, which the County opposes. This court submitted these motions without a hearing. For reasons explained below, the County's motion for remand is GRANTED and Willson's motion to approve settlement is DENIED as MOOT.

I. BACKGROUND

    A. The Parties

Plaintiff County of San Joaquin (County) is a government entity and political subdivision of the State of California. Notice Ex. 1 (FAC) ¶ 1. Plaintiff People of the State of California is represented by the San Joaquin County District Attorney (DA) and pursues claims against defendants in a consolidated case. Motion to Remand (Mot.) at 4, ECF No. 6; *see also* FAC at 1. This order does not address the DA's case because the removing defendant here is not a party in that case. *See* Mot. at 4; FAC at 1.

Defendant Chris Willson is an individual who owns and operates a vessel moored at the marina in dispute. FAC ¶ 14. The County also named additional individual and corporate defendants in the First Amended Complaint not relevant to this order (collectively, "defendants"). *Id.* ¶¶ 4-13.

    B. Request for Judicial Notice

Both parties request judicial notice. Courts in the Ninth Circuit regularly grant requests for judicial notice in deciding remand motions. *See, e.g.*, *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 941 (C.D. Cal. 2014) ("A court can consider evidence in deciding a remand motion, including documents that can be judicially noticed."); *cf. Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("Evidence

establishing [that] the amount" in controversy "exceeds the jurisdictional threshold" is required "when the plaintiff contests, or the court questions, the defendant's allegation.").

The County requests judicial notice of this court's prior order remanding this case and other related court filings. Request for Judicial Notice (RJN) at 2, ECF No. 7; *see also Cty. of San Joaquin*, 2016 WL 5944088, at *1, 4. Court orders and filings in related proceedings are the proper subject of judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, briefs and other court filings). But the court will not judicially notice the facts asserted therein. *See Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001)*, overruled on other grounds, Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002)*; Vasserman*, 65 F. Supp. 3d at 942 (compiling judicial notice opinions in remand cases across the Ninth Circuit). Accordingly, the County's request for judicial notice of the existence of these court filings is GRANTED.

Willson requests "judicial notice of the facts shown" in various "public records." Notice, ECF No. 1 at 53-54 (requesting judicial notice). Willson does not direct the court to any specific facts in the dozens of pages of exhibits relevant to this court's subject matter jurisdiction. *See id.* The court will consider each document as appropriate, without making arguments for Willson or combing the record for noticeable facts. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). To the extent the court below relies on any information covered by Willson's request for judicial notice, the request is GRANTED.

C.  Factual History

This action involves the operation of a private marina in an unincorporated area of San Joaquin County, California. FAC ¶¶ 3, 4, 32-34. The County claims operation of the marina violates several County codes and health standards. *Id.* ¶¶ 124-26, 131-33, 141. The County named several parties believed to be responsible for the operation and ownership of the Marina as defendants and seeks equitable relief against them to compel the abatement of numerous public nuisances. *Id.* at 29.

Willson owns and operates the Aurora, a 300-foot cruise liner, and the County alleges he has illegally moored the vessel at the marina since 2013. Id. ¶¶ 35-36, 78-80. The

County also alleges Willson has undertaken restoration of the Aurora in violation of a number of County codes. *Id.* ¶¶ 37, 80.

        D.      <u>Procedural History</u>

In 2016, following the County's filing of its action in Superior Court, defendants removed the action, arguing this court had admiralty jurisdiction over the case. RJN Ex. 2. At that time, Willson was not a party to the action. *See id.* Examining the four corners of the operative County pleading, this court remanded the action to the San Joaquin County Superior Court. RJN Ex. 3, at 7-8; *see also Cty. of San Joaquin*, 2016 WL 5944088, at *1, 4. After remand, the County filed a First Amended Complaint in this action, adding Willson to the case. *See* FAC. The First Amended Complaint alleged additional facts about Willson's mooring and restoration of the Aurora at the marina. *Id.* ¶¶ 14, 35-37, 78-80. In February of this year, the County's action was consolidated in the superior court with a separate but related action brought by the DA. RJN Ex. 6. Willson is not a party to the DA's action. *See id.*

On April 27, 2018, Willson, proceeding *pro se*, removed to this court on several theories of federal jurisdiction. *See* Notice ¶ 2. On June 4, 2018, the County filed the motion to remand now before the court, challenging the court's jurisdiction in the case. Mot. at 2. The court submitted the motion without oral argument. ECF No. 6. Willson did not file an opposition, but he stated in a filing requesting oral argument that he has "no objection to the remand requested by the County provided, however, that [a County attorney] is held to the standard of honoring the contractual agreement he made with me, which is that this case will be dismissed with prejudice," referring to Willson's motion to approve an alleged settlement agreement. ECF No. 11 at 2; *see* ECF No. 3. Willson filed the request for oral argument well after the June 29, 2018 opposition deadline for the County's motion to remand; in the request he says he "had to rely on tacit consent" from some defendants in filing his notice of removal. ECF No. 11 at 3.

The County opposes Willson's motion to approve an alleged settlement agreement. ECF No. 3; ECF No. 8. Because the court remands the case due to a lack of subject matter

jurisdiction, as explained below, it does not reach the merits of this other pending motion and DENIES it as moot.

II. <u>LEGAL STANDARD</u>

When a plaintiff brings in state court a case over which "the district courts of the United States have original jurisdiction," a defendant may remove it to federal court. 28 U.S.C. § 1441(a). The Ninth Circuit strictly construes the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The "strong presumption" against removal jurisdiction means that the defendant always has the burden to establish removal is proper. *Id.* A court must reject federal jurisdiction if there is any doubt as to the right of removal in the first instance. *Id.*

The removal procedure is governed by 28 U.S.C. § 1446. Subsection (a) provides the notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). For civil actions removed from state court, all properly joined and served defendants "must joint in or consent to the removal of the action." *See id.* § 1446(b)(2)(A).

After removal, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." *Id.* § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

III. <u>DISCUSSION</u>

Willson contends the County's First Amended Complaint asserts claims that fall within this court's federal jurisdiction. Notice ¶¶ 2-6. The County contends this court cannot exercise jurisdiction over this case in light of Willson's procedural errors and because the complaint does not provide a basis for federal jurisdiction. Mot. at 4-8. The court lacks jurisdiction. The County's motion to remand is therefore GRANTED.

### A. The County's Procedural Arguments

The County raises several procedural arguments in favor of remand.[1] Mot. at 5-6. But "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Willson filed the notice of removal on April 27, 2018. ECF No. 1. Due to the Memorial Day holiday, the 30-day period expired on May 29, 2018. *See* Fed. R. Civ. P. 6. The County filed its motion to remand on June 4, 2018. ECF No. 6. By exceeding the 30-day time limit, the County did not file a timely motion to remand and waives any procedural arguments, including that Willson failed to obtain all defendants' consent to removal and this removal is prohibited as a successive removal. *See* Mot. at 5-6; *see also Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029-30 (9th Cir. 2017).

### B. Original Jurisdiction

Willson contends this court has original jurisdiction over this action under 28 U.S.C. §§ 1333 (Admiralty), 1331 (Federal Question), 1332 (Diversity), 1337 (Commerce) and 1367 (Supplemental). Notice ¶ 2. As discussed below, this court lacks jurisdiction under any of these sections, and the County's motion for remand is therefore GRANTED.

#### 1. 28 U.S.C. § 1333: Admiralty Jurisdiction

Willson first argues this court has exclusive admiralty jurisdiction over the case. Notice ¶ 14. A federal court's authority to hear cases in admiralty flows initially from the Constitution, which "extend[s]" federal judicial power "to all Cases of admiralty and maritime Jurisdiction." U.S. Const., Art. III, § 2. Congress has embodied that power in a statute giving federal district courts original jurisdiction in "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1); *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995). "A party seeking to invoke such jurisdiction over a tort claim must

---

[1] Willson also appears to have exceeded the 30-day time limit to remove. The County filed the First Amended Complaint in state court March 12, 2018; Willson filed his notice of removal in this court April 27, 2018. In any event, a court cannot sua sponte remand a case on the basis of defendant's violating time limitations in § 1446(b). *See Smith v. Mylan, Inc.*, 761 F.3d 1042, 1046 (9th Cir. 2014).

6

satisfy conditions of both location and connection with maritime activity." *Jerome*, 513 U.S. at 534. The location test is satisfied where the incident occurred on navigable water, or a vessel on navigable water caused an injury suffered on land. *Id.* The connection test is satisfied by, as an example, "[s]toring boats at a marina on navigable waters." *Id.* For establishing admiralty jurisdiction in the federal courts, the definition of "navigable waters" is:

> Those rivers must be regarded as public navigable rivers in law which are navigable in fact. And they are navigable in fact when they are used, or are susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water.

*The Daniel Ball*, 77 U.S. (10 Wall.) 557, 563 (1870).

Here, Willson contends the marina and his vessel are located on "navigable waters." Notice ¶¶ 1, 14.[2] But in determining removability, the court generally reviews the four corners of the complaint. *See, e.g.*, *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990) ("existence of federal question jurisdiction is determined from the face of the complaint"). The court has carefully reviewed the operative complaint itself and cannot conclude, on its face, it necessarily invokes federal admiralty jurisdiction.

Judicial notice may be appropriate to resolve jurisdictional questions. *See, e.g.*, *Vasserman* 65 F. Supp. 3d 932 at 941. Willson requests judicial notice of many public records but, as noted above, points to no underlying facts addressing whether the waters in this case are "navigable in fact." To conclude this court has jurisdiction would require making arguments that are outside the court's province. *See Greenwood*, 28 F.3d at 977 (courts do not "manufacture" arguments for a litigant). Because Willson does not point to authority or any facts supporting the bare conclusion that the marina or vessel is located on navigable waters, Willson has not satisfied

---

[2] Willson appears to confuse "navigable waters" in the admiralty jurisdiction context with that of the reach of Congress's commerce power. *Compare* Notice ¶¶ 14, 20, 28, *with Adams v. Montana Power Co.*, 528 F.2d 437, 441 (9th Cir. 1975) (discussing the difference and concluding that "notwithstanding the waterway's navigable status under the commerce clause, it was not navigable for purposes of exercising admiralty jurisdiction").

the "location" requirement of admiralty jurisdiction. Accordingly, the court need not address whether Willson has satisfied the "connection" requirement.

Willson has not satisfied his "burden of establishing that removal is proper," and the court resolves all ambiguity in favor of remand to state court. *Gaus*, 980 F.2d at 566. The court lacks admiralty jurisdiction in this case.

        2.       <u>28 U.S.C. § 1331: Federal Question Jurisdiction</u>

Willson next contends the court can exercise federal question jurisdiction. Notice ¶ 2. Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest on an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987).

Here, the County makes only municipal and state law claims, which are insufficient for federal question jurisdiction. *See* FAC ¶¶ 123-42. However, under the artful pleading rule, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 22 (1983). A court may deem a state-created cause of action as arising under federal law and conferring federal question jurisdiction "where federal law completely preempts state law." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). "Preempted state law claims may be removed to federal court only in the rare instances where Congress has chosen to regulate the entire field." *Id.* at 1113.

Construed liberally,[3] Willson claims federal preemption of the state law on which the County relies by the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Notice ¶¶ 11, 21-22 (citing 42 U.S.C. § 9613(b) ("[T]he United States district courts shall have exclusive original jurisdiction over all controversies arising under this chapter, without regard to the citizenship of the parties or the amount in controversy.")). The Ninth Circuit has expressly held CERCLA, 42 U.S.C. § 9601 *et seq.*, does not support complete preemption in the removal jurisdiction context. *ARCO Envtl. Remediation*, 213 F.3d at 1114 ("CERCLA does not completely occupy the field of environmental regulation. Congress expressly declared that it had no intent to do so.").

Additionally, Willson's assertion of federal question jurisdiction under the Clean Water Act, *see* Notice ¶¶ 5, 23, is unavailing where the "County does not seek remedies under the Clean Water Act" and "instead seeks remedies under state law." *Clark Cty., Nev. v. City of N. Las Vegas*, No. 2:11-CV-01012-PMP, 2011 WL 3471529, at *6 (D. Nev. Aug. 9, 2011) ("As master of its [c]omplaint, County may elect between state and federal remedies."); *cf.* FAC ¶¶ 123-42 (alleging violations of county codes and California's Unfair Competition Law).

Here, as master of the complaint, the County only pleaded state law claims. This court lacks federal question jurisdiction under § 1331.

### 3. 28 U.S.C. § 1332: Diversity Jurisdiction

This court lacks diversity jurisdiction. For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states. *See* 28 U.S.C. § 1332(a). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016).

---

[3] Willson contends the court has "exclusive jurisdiction" in this area, which the court construes as meaning complete preemption by federal law in light of Willson's *pro se* status. *Cf. Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995) ("To do so is consistent with the duty of federal courts to construe *pro se* pleadings liberally.").

9

First, the amount-in-controversy requirement is not met. The operative complaint does not allege any amount-in-controversy. Thus, Willson's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). But Willson fails to allege any amount in controversy. *See* Notice ¶¶ 2, 8. The record overall reflects no allegations of an amount in controversy or addressing the jurisdictional threshold. Willson has not met his burden and the amount in controversy requirement is not met.

Second, the diversity of citizenship requirement is not met. The County only directly alleged citizenship of two parties in the First Amended Complaint: Defendant Delta Transport, Inc., a California corporation, and Delta Trucking, Inc., a Nevada corporation. FAC ¶¶ 4-5. Otherwise, the County did not allege citizenship of any other defendant. *See* FAC ¶¶ 4-14. The burden lies with Willson to refute these allegations and otherwise show "complete diversity of citizenship" between plaintiff and defendants through his notice of removal or other filings. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Willson requests judicial notice of a public record purporting to show Delta Transport, Inc. is a Nevada corporation rather than a California corporation. Notice Ex. 8. Even if the court judicially noticed this record, a corporation's place of incorporation is not the only consideration in determining the citizenship of corporations. *See* 28 U.S.C. § 1332(c)(1). The two corporations may still be citizens of California for diversity jurisdiction purposes. *See id.* Willson has failed to show diverse citizenship between the County and either Delta Transport, Inc. or Delta Trucking, Inc.

Moreover, Willson does not further address the citizenship of any of the other several defendants, including himself. *See* Notice. Willson has not met his burden to show the diversity of citizenship requirement is met as to any defendant, much less the complete diversity required for diversity jurisdiction under § 1332. *Kanter*, 265 F.3d at 857-58 ("In this case, neither [p]laintiffs' complaint nor [defendant's] notice of removal made any allegation regarding [p]laintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, . . . [defendant's] failure to specify [p]laintiffs' state citizenship was fatal to [d]efendants' assertion of diversity jurisdiction." (citations omitted)).

Neither the amount in controversy nor diversity of citizenship requirements have been met, and this court lacks diversity jurisdiction.

### 4. 28 U.S.C. § 1337: Commerce Jurisdiction

Willson argues jurisdiction based on § 1337 is proper under various statutory provisions. Notice ¶ 2. Original jurisdiction under § 1337 exists for actions "arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337. But jurisdiction under this statute is not proper where the "action does not implicate the antitrust laws and does not arise under any federal law regulating commerce." *Levay v. First Am. Title Ins. Co.*, No. LA CV-12-05105-JAK (SP), 2012 WL 12904072, at *2 (C.D. Cal. June 13, 2012). Willson raises no antitrust concerns, and he "may not convert an ordinary tort claim into a federal cause of action by invoking a statutory provision . . . as a predicate for section 1337 jurisdiction." *Parker v. S. Louisiana Contractors, Inc.*, 537 F.2d 113, 118 (5th Cir. 1976) (affirming district court's dismissal of case for lack of admiralty and commerce jurisdiction). Although Willson refers to the Clean Water Act as a basis for commerce jurisdiction, Notice ¶ 5, Willson's only other reference to the Clean Water Act in his Notice refers to a substantive law provision, not a basis for commerce jurisdiction. *See id.* ¶ 23. Here again, the court declines to "manufacture arguments" for Willson. *Greenwood*, 28 F.3d at 977.

### 5. 28 U.S.C. § 1367: Supplemental Jurisdiction

The court lacks supplemental jurisdiction. "[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The statute's plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("Once the district court determined that it lacked admiralty jurisdiction, it had no authority under Article III or 28 U.S.C. § 1367 to adjudicate any claims on their merits."). As discussed above, the court lacks an independent basis for federal jurisdiction and cannot exercise supplemental jurisdiction under § 1367.

C.  Alleged Settlement Agreement

As discussed above, this court lacks jurisdiction in this case, and thereby lacks jurisdiction to review any alleged settlement agreement between the parties. *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) ("When the initial action is dismissed, federal jurisdiction terminates."); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."). The motion to approve settlement, ECF No. 3, is DENIED as MOOT.

IV.  CONCLUSION

The County's motion to remand, ECF No. 6, is GRANTED and the case is remanded to San Joaquin County Superior Court. Willson's motion to approve settlement, ECF No. 3, is DENIED as MOOT.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: September 5, 2018.

UNITED STATES DISTRICT JUDGE